GOUGE *et al. v.* McINTURFF, SHERIFF, *et al.*

(*Nashville,* December Term, 1935.)

Opinion filed February 17, 1936.

L. H. ALLRED, FRED BAUGHMAN, JAS. G. BARE, and FRED D. BOOTH, all of Erwin, and D. A. VINES, of Johnson City, for J. M. Gouge and others.

GUINN & MITCHELL, of Johnson City, and H. DENNIS ERWIN, of Erwin, for Carl McInturff, Sheriff, and others.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed by justices of the peace and a member of the county highway commission to test the validity of chapter 410, Private Acts of 1935. It was charged that the act is void because (1) the body contains provisions not germane to the caption, (2) it destroys the system of the justices of the peace in Unicoi county by illegally transferring their jurisdiction to the newly created judge's office, and it deprives justices of the peace

of that county of the rights and emoluments of their office without interference with such rights elsewhere in the state.

In support of the second proposition, complainants refer to and rely upon article 1, section 8, and article 11, section 8, of the Constitution. It is sufficient to say that by article 6, section 1, of the Constitution, power is conferred upon the Legislature to ordain and establish inferior courts, and in the exercise of that power the jurisdiction of such courts may be prescribed and defined. The creation of a new court under that provision of the Constitution and transference to the newly created court of jurisdiction formerly exercised by an existing court, whether the court of a justice of the peace or otherwise, is matter of legislative discretion subject only to the constitutional limitation that legislation cannot contravene rules that forbid partial, discriminatory, and capricious laws.

While the office of the justice of the peace is recognized by the Constitution, it does not confer upon that office or the incumbents of the office exclusive jurisdiction over the subject-matter of any litigation, nor does the Constitution vest in the incumbent of the office of justice of the peace a right to litigation fees that inure only as the result of future official service. Fees as compensation for official service did not exist by the common law, and a justice of the peace has no vested rights to fees that may perchance flow to him through some future official service in connection with the exercise of judicial powers which under article 6, section 1, may be transferred to another tribunal.

There is no merit in the contention that the act is void because it deprives justices of the peace of vested rights

or of judicial power. We do not pass upon the question of whether the Legislature may by local law depri⸳ e justices of the peace of a single county of all judicial power in civil and criminal cases, contrary to general laws, because the first proposition is determinative of the result. That proposition is that the act is void because violative of article 2, section 17. The caption indicates an act to create the office of county judge and define his powers and jurisdiction; to abolish the offices of chairman of the county court and county road commissioner; to confer upon the county judge the powers, duties, and jurisdiction now vested in the chairman of the county court and in the county road commission; to confer upon the county judge certain jurisdiction now exercised by justices of the peace; to provide for executive officers for the court of the county judge and provide remuneration for such officers.

██ The caption is deceptive and violates article 2, section 17, of the Constitution, in that it discloses the purpose to abolish the offices of chairman of the county court and county road commissioner, whereas by section 5 the road commission is abolished and all powers of the commission are conferred upon the county judge. Moreover, under the guise of an act to provide executive officers for the court of the county judge and provide for their remuneration, it is declared by section 10 of the act that the sheriff shall appoint and assign to the court two deputy sheriffs to serve and execute criminal warrants, each to receive a salary of $1,200 a year, payable from the general funds of the county, and that the sheriff shall also assign other deputies to serve civil process, who shall be remunerated by the fees allowed by law for such services.

The caption suggests nothing of the insidious, indirect method embodied in the act to enlarge the emoluments of the sheriff's office beyond the provisions of the general salary act, section 10727 of the Code, nor of the purpose to burden the general fund of this county with a population of about 13,000 with a fixed charge of $2,400 a year to cover the salaries of the sheriff's deputies. It cannot be seen from inspection of the act that the Legislature would have passed it with these void provisions omitted, so that the doctrine of elision cannot be applied. We are constrained, therefore, to declare the act void because violative of article 2, section 17, and article 11, section 8, of the Constitution. It violates article 2, section 17, because the caption is misleading and deceptive, as above indicated. It violates article 11, section 8, of the Constitution, because of the purpose expressed in section 10 of the act to remove the sheriff's office from the classification of the general salary law, section 10727 of the Code.

Reversed.